Issa K. Moe, Bar No. 254998
MoeI@moss-barnett.com
MOSS & BARNETT, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
612.877.5399/FAX 612.877.5016

Attorneys for Defendant
FINANCIAL RECOVERY SERVICES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSCELIN B. THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>FINANCIAL RECOVERY SERVICES, INC.,<br><br>    Defendant. | Case No: 5:12-cv-01339-MRP-OP<br><br>**ANSWER OF DEFENDANT FINANCIAL RECOVERY SERVICES, INC.** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Financial Recovery Services, Inc. ("FRS"), as and for its answer to the complaint of plaintiff Joscelin B. Thomas ("Plaintiff"), denies each and every allegation contained therein, unless otherwise admitted or qualified herein.

## I.
## RESPONSES TO PLAINTIFF'S ALLEGATIONS

1. In response to paragraph 1 of Plaintiff's complaint, FRS admits that Plaintiff brings this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, but denies that it violated the FCRA or any

other law.

2. In response to paragraph 2 of Plaintiff's complaint, FRS admits that the statutes referenced therein confer jurisdiction on this Court, but denies that it violated any law to subject it to said jurisdiction.

3. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 3 of Plaintiff's complaint and, therefore, denies the same.

4. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 4 of Plaintiff's complaint and, therefore, denies the same.

5. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 5 of Plaintiff's complaint and, therefore, denies the same.

6. In response to paragraph 6 of Plaintiff's complaint, FRS admits that the plaintiff named in this lawsuit is Joscelin B. Thomas, but lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth therein and, therefore, denies the same.

7. In response to paragraph 7 of Plaintiff's complaint, FRS denies that it is an "unknown entity," but admits the remaining allegations set forth therein.

8. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 8 of Plaintiff's complaint and, therefore, denies the same.

9. In response to paragraph 9 of Plaintiff's complaint, FRS admits that it requested Plaintiff's consumer report from TransUnion in July 2010, but states that it had a permissible purpose for doing so. *See* Declaration of Brian Bowers ("Bowers Dec.") ¶ 7. FRS lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in paragraph 9 of Plaintiff's

ANSWER OF DEFENDANT FINANCIAL RECOVERY SERVICES, INC.
CASE NO.: 5:12-cv-01339-MRP-OP

complaint and, therefore, denies the same.

10. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 10 of Plaintiff's complaint and, therefore, denies the same.

11. In response to paragraph 11 of Plaintiff's complaint, FRS restates and realleges paragraphs 1 through 10 of this answer as though fully set forth herein.

12. FRS admits the allegations set forth in paragraph 12 of Plaintiff's complaint.

13. In response to paragraph 13 of Plaintiff's complaint, FRS admits that TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), but denies the remaining allegations set forth therein.

14. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 14 of Plaintiff's complaint and, therefore, denies the same.

15. Paragraph 15 of Plaintiff's complaint does not contain allegations that require a response from FRS. To the extent that a response is required, FRS states that the FCRA speaks for itself, and denies the allegations set forth in paragraph 15 of Plaintiff's complaint to the extent that they misinterpret or misconstrue the FCRA.

16. FRS denies the allegations set forth in paragraph 16 of Plaintiff's complaint. *See* Bowers Dec. ¶ 7.

17. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 17 of Plaintiff's complaint, and all of its subparts, and, therefore, denies the same.

18. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 18 of Plaintiff's complaint and, therefore, denies the same.

19. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 19 of Plaintiff's complaint, and all of its subparts, and, therefore, denies the same.

20. FRS denies the allegations set forth in paragraph 20 of Plaintiff's complaint. *See* Bowers Dec. ¶ 7.

21. FRS denies the allegations set forth in paragraph 21 of Plaintiff's complaint. *See* Bowers Dec. ¶¶ 4-7.

## II.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by Plaintiff's unclean hands.

### THIRD DEFENSE

Upon information and belief, Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is the subject matter of the instant litigation.

### FOURTH DEFENSE

Plaintiff's claims are barred because the statements or acts attributed to FRS, if made, were privileged communications by interested parties, without malice, to interested persons who requested the information.

### FIFTH DEFENSE

Plaintiff's action against FRS is barred, in whole or in part, by the applicable statute(s) of limitations.

### SIXTH DEFENSE

FRS may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that FRS does

not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the claims for damages and certain costs that Plaintiff alleges FRS may be fully or partially responsible for. FRS, therefore, reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged claims for damages and costs, and upon the development of other pertinent information.

## III.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Financial Recovery Services, Inc. prays for an order and judgment of this Court in its favor and against Plaintiff as follows:

1. Dismissing all causes of action against it with prejudice and on the merits; and

2. Awarding it such other and further relief as the Court deems just and equitable.

MOSS & BARNETT, P.A.

Dated: October 11, 2012           By: s/ Issa K. Moe
                                      ISSA K. MOE
                                      Attorneys for Defendant
                                      FINANCIAL RECOVERY
                                      SERVICES, INC.

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402

- 5 -
ANSWER OF DEFENDANT FINANCIAL RECOVERY SERVICES, INC.
CASE NO.: 5:12-cv-01339-MRP-OP

1  Issa K. Moe, Bar No. 254998
   MoeI@moss-barnett.com
2  MOSS & BARNETT, P.A.
   4800 Wells Fargo Center
3  90 South Seventh Street
   Minneapolis, Minnesota 55402
4  612.877.5399/FAX 612.877.5016

5  Attorneys for Defendant
   FINANCIAL RECOVERY SERVICES,
6  INC..

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSCELIN B. THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>FINANCIAL RECOVERY<br>SERVICES, INC.,<br><br>    Defendant. | Case No: 5:12-cv-01339-MRP-OP<br><br>**CERTIFICATE OF SERVICE**<br><br>**Courtroom:**   12<br>**Judge:**      Mariana R Pfaelzer<br>**Magistrate Judge:**  Oswald Parada |

- 1 -

CERTIFICATE OF SERVICE

2190163v1

**CERTIFICATE OF SERVICE**

STATE OF MINNESOTA   )
                     )
COUNTY OF HENNEPIN   )

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Hennepin, Minnesota, and my business address is 4800 Wells Fargo Center, 90 South 7th Street, Minneapolis, Minnesota 55402.

On **October 11, 2012**, I caused to be served the following documents:

**ANSWER OF DEFENDANT FINANCIAL RECOVERY SERVICES, INC.**

**DECLARATION OF BRIAN BOWERS**

☒ **BY REGULAR MAIL:** I caused such envelopes to be deposited in the United States mail, at Minneapolis, Minnesota, with postage thereon fully prepaid, individually, addressed to the parties as indicated. I am readily familiar with the firm's practice of collection and processing correspondence in mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed. R. Civ. P. 5(b)(2)(B).)

☐ **BY OVERNIGHT SERVICE:** I caused such envelopes to be delivered by Overnight/Express Mail Delivery to the addressee(s) noted in this Certificate of Service.

☐ **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted (by facsimile # ) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

☐ **BY ELECTRONIC FILING SERVICE:** By electronically filing the foregoing document(s) using the CM/ECF system. Service of an electronically filed document upon a CM/ECF User who has consented to electronic service is deemed complete upon the transmission of the Notice of Electronic Filing ("NEF"). The NEF will be maintained with the original document(s) in our office.

☐ **BY PERSONAL SERVICE:** I served the person(s) listed below by leaving the documents, in an envelope or package clearly labeled to identify the person being served, to be personally served via Metro Legal Services on the parties listed on the service list below at their designated business address.

☐ By personally delivering the copies;

☐ By leaving the copies at the attorney's office;

- 2 -

CERTIFICATE OF SERVICE

☐ With a receptionist, or with a person having charge thereof; or

☐ In a conspicuous place in the office between the hours of _____ in the morning and five in the afternoon;

☐ By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Minneapolis, Minnesota, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 11, 2012, at Minneapolis, Minnesota.

        s/ Andrea P. Lande
        Andrea P Lande

- 3 -

**CERTIFICATE OF SERVICE**

2180163v1

Service List
JOCSELIN B THOMAS V. FINANCIAL RECOVERY SERVICES, INC.

| Joscelin B Thomas<br>14626 Red Gum Street<br>Moreno Valley, CA 92555 | T: (951) 616-0044<br><br>PRO SE |
|---|---|

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

- 4 -

**CERTIFICATE OF SERVICE**

2180163v1