Issa K. Moe, Bar No. 254998
MOSS & BARNETT, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
(612) 877-5399/FAX (612) 877-5016
MoeI@moss-barnett.com

Attorneys for Defendant
FINANCIAL RECOVERY SERVICES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSCELIN B. THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>FINANCIAL RECOVERY SERVICES, INC.,<br><br>Defendant. | Case No.: 5:12-cv-01339-PSG-OP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT FINANCIAL RECOVERY SERVICES, INC. FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:      January 7, 2013<br>Time:      1:30 p.m.<br>Courtroom: 880<br>Judge:     Hon. Philip S. Gutierrez |

## I. INTRODUCTION

Plaintiff Joscelin B. Thomas ("Plaintiff") brings this action against defendant Financial Recovery Services, Inc. ("FRS"). Plaintiff asserts a single claim against FRS under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Plaintiff supports her FCRA claim by alleging that FRS obtained her consumer credit report without her consent or a permissible purpose. That conclusory allegation is not only insufficient to state a claim for relief under the FCRA, it is also baseless. Indeed, the declaration attached to FRS' answer establishes that FRS requested Plaintiff's consumer report for the sole purpose of

- 1 -
MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
Case No.: 5:12-cv-01339-PSG-OP

using the information to assist FRS with its collection of an account of Plaintiff. That is a permissible purpose for requesting a consumer report under the FCRA. For these reasons and those discussed below, the Court should grant FRS' motion and dismiss Plaintiff's complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(c).

## II. THE PARTIES' PLEADINGS

Plaintiff lodged her complaint on May 21, 2012. (Doc. No. 1.) In the complaint, Plaintiff asserts a single claim against FRS under the FCRA. (Compl.) In support of that claim, Plaintiff alleges that she reviewed her TransUnion consumer credit report in May 2011 and discovered that FRS obtained her consumer credit report in or about July 2010. (*Id.* at ¶ 9.) Plaintiff alleges that she did not provide consent for FRS to obtain the report. (*Id.* at ¶ 19.) Plaintiff thus concludes that FRS lacked a permissible purpose for obtaining the report. (*Id.* at ¶ 20.)

On October 11, 2012, FRS filed an answer to Plaintiff's complaint. (Doc. No. 5.) In its answer, FRS denies Plaintiff's material allegations and denies that it violated any law. (*Id.*) FRS attached to and incorporated into its answer the declaration of its authorized representative. (Doc. Nos. 5-1, 7, Declaration of Brian Bowers ("Bowers Dec.").) The declaration establishes the existence of Plaintiff's Dell Financial Services ("Dell") account ending in 0569 ("Account"), which is the account at issue in this case. (*Id.* at ¶¶ 4-5.) On July 26, 2010, Dell placed Plaintiff's Account with FRS for collection. (*Id.* at ¶ 5.) At the time of placement, Dell represented that Plaintiff's Account was in default, and that Plaintiff owed a valid debt on the Account in the amount of $3,802.50 ("Debt"). (*Id.*) FRS received information confirming these facts, which it incorporated into

its account notes in the ordinary course of business.[1] (*Id.*)

Upon placement of Plaintiff's Account, FRS reviewed the information provided to it and believed it to be accurate. (*Id.* at ¶ 6.) Thus, FRS had reason to believe that Plaintiff owed a Debt on the Account FRS was retained to collect. (*Id.*)

On July 26, 2010, the day FRS received Plaintiff's file, FRS requested a copy of Plaintiff's consumer report from TransUnion.[2] (*Id.* at ¶ 7.) FRS intended to use the information in the report to assist FRS with its collection efforts related to Plaintiff's Account. (*Id.*) FRS had no other purpose for requesting Plaintiff's consumer report. (*Id.*)

## III. LEGAL STANDARD

After the pleadings are closed, a party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). In deciding the motion, the court applies the same standard applicable to a Rule 12(b)(6) motion to dismiss. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A motion to dismiss challenges the sufficiency of the pleadings. *Ross v. U.S. Bank N.A.*, 542 F. Supp. 2d 1014, 1023 (N.D. Cal. 2008). A motion to dismiss should be granted when, even if all of the allegations in the pleadings are taken as true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

A complaint need not include detailed factual allegations, but it must provide "more than labels and conclusions, and a formulaic recitation of the

---

[1] FRS attached to the Bowers Dec. a properly redacted copy of the first page of FRS' notes regarding Plaintiff's Account.

[2] FRS' request is designated in its account notes as "07/26/10 16:46 TU/GI SYS" and "07/26/10 16:48 TU/GI SYS," with TU referring to the request being made to TransUnion.

elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 555 n.3. Without factual allegations in the complaint, a claimant cannot "satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*.

Rule 8 requires more than a "the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Id*. Facial plausibility exists if the complaint pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id*. And while plausibility does not equal "probability," plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. A complaint that pleads facts that are "'merely consistent with' a defendant's liability…'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

On a motion to dismiss, the Court should only accept reasonable inferences arising from the pleadings. It should not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Further, the Court should not accept the truth of legal conclusions merely because they are cast in the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Nor should it assume that a plaintiff can prove facts that were not alleged or that the defendants have violated laws in ways that have not been alleged. *Assoc. Gen. Contractors of Cal., Inc. v. Cal State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In deciding a Rule 12(c) motion, "the court may consider only the pleadings, that is, the complaint, the answer, and any written instruments attached as exhibits." *Buraye v. Equifax*, 625 F. Supp. 2d 894, 897 (C.D. Cal. 2008). However, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a…Rule 12(c) motion, without converting the motion into a motion for summary judgment." *Gonzalez v. Planned Parenthood of Los Angeles*, 2011 WL 1481398 at * 2 (C.D. Cal. Apr. 19, 2011).

## IV.  PLAINTIFF'S FCRA CLAIM FAILS AS A MATTER OF LAW

Plaintiff brings her sole claim against FRS under the FCRA. As set forth below, Plaintiff's claim under that statute fails as a matter of law.

### A.  Plaintiff Fails To Plead Sufficient Facts To State A Claim For Relief Under The FCRA.

In her complaint, Plaintiff asserts an FCRA claim against FRS. Plaintiff supports that claim by alleging that FRS obtained her consumer credit report without her consent or a permissible purpose. (Compl., ¶ 20.) According to applicable law, merely alleging in conclusory fashion that a defendant obtained a consumer credit report without having a permissible purpose is insufficient to state a claim for relief under the FCRA. *See, e.g., Flury v. CSC Credit Servs.*, 2012 WL 300726 (D. Ariz. Feb. 1, 2011); *Myers v. Stoneleigh Recovery Assocs.*, 2012 WL 1356752 at *5-6 (E.D. Cal. Apr. 18, 2012) (dismissing FCRA claim in which plaintiff alleged lack of permissible purpose because he did not owe the debt defendant sought to collect); *Pyle v. First National Collection Bureau*, 2012 WL 1413970 at *3-4 (E.D. Cal. Apr. 23, 2012) (conclusory assertions that plaintiff does not have accounts with defendant and that defendant pulled consumer report without permissible purpose are insufficient to state a plausible claim for relief under FCRA); *Myers v. Winn Law Group, APC*, 2011 WL 4954215 (E.D. Cal. Oct. 18, 2011) (dismissing FCRA claim and explaining that the court is not required to

accept conclusory allegation that defendant pulled report "without permissible purpose" as true).

The case of *Makreas v. Moore Law Group, A.P.C.*, 2011 WL 3047634 (N.D. Cal. July 25, 2011), is instructive. In *Makreas*, a plaintiff filed suit under the FCRA claiming that the defendant "on two occasions, obtained plaintiff's consumer report from a consumer reporting agency without a 'permissible purpose' for doing so." *Id.* at *2. In granting the defendant's motion to dismiss, the court determined that although "a person may not 'obtain a consumer report' unless it is 'obtained for a purpose' authorized by FCRA, see 15 U.S.C. § 1681b(f), plaintiff's conclusory allegation that [defendant] lacked a 'permissible purpose' [was] insufficient to state a claim[.]" *Id.* Plaintiff makes the same conclusory allegation to support her FCRA claim here. (Compl., ¶ 20.) Thus, the Court should determine that Plaintiff has failed to allege sufficient facts to state a claim under the FCRA, and dismiss that cause of action.

  **B.** **Plaintiff's FCRA Claim Also Fails Because A Debt Collector May Obtain A Consumer's Credit Report If It Intends To Use The Information In Connection With The Collection Of An Account Of The Consumer.**

    **1.** **FRS had a permissible purpose for obtaining Plaintiff's consumer report.**

Notwithstanding Plaintiff's conclusory allegation to the contrary, FRS had a permissible purpose for obtaining Plaintiff's consumer report in this case. A person must have a permissible purpose for obtaining a consumer report under the FCRA. 15 U.S.C. § 1681b(f). "Whether a permissible purpose existed is a question of law." *Breese v. TRIADvantage Credit Servs., Inc.*, 393 F. Supp. 2d 819, 821 (D. Minn. 2005). Section 1681b(a) sets out the permissible purposes for obtaining a consumer report. That section provides, in pertinent part, that a consumer reporting agency may furnish a consumer report to a person which it has reason to believe:

> ***intends to use the information in connection with*** a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or ***collection of an account of, the consumer***[.]

15 U.S.C. § 1681b(a)(3)(A) (emphasis added). As such, under the FCRA, a person is permitted to obtain a debtor's credit report in connection with that person's collection of a debt. *See* 15 U.S.C. § 1681b(a)(3)(A); *Miller v. Wolpoff & Abramson, LLP*, 309 F. App'x 40, 43 (7th Cir. 2009); *Makreas*, 2011 WL 3047634; *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (holding that the FCRA authorizes use of credit reports in connection with collection of a delinquent account); *Jacques v. Solomon & Solomon P.C.*, --- F. Supp. 2d ----, 2012 WL 3581172 at *5 (D. Del. Aug. 21, 2012).

Here, Dell placed Plaintiff's Account with FRS for collection. (Doc. No. 5-1, Bowers Dec. ¶ 5.) FRS thereafter requested Plaintiff's consumer report from TransUnion. (*Id.* at ¶ 7.) FRS' sole purpose for obtaining the consumer report was to use the information to assist FRS with its collection of Plaintiff's Account. (*Id.*) According to the authority discussed above, that is a permissible purpose for requesting a consumer report under the FCRA. Plaintiff's FCRA claim, therefore, fails as a matter of law.

### 2. FRS is entitled to judgment on the pleadings regardless of whether Plaintiff owned the Account or owed the Debt.

Admittedly, Plaintiff alleges that there was no account or debt that FRS had a right to collect which would have given rise to a permissible purpose for obtaining her consumer report. (Compl., ¶ 21.) Even if the Court accepts that bald assertion as true, FRS is still entitled to judgment on the pleadings.

As discussed in the prior section, a consumer reporting agency may furnish a consumer report to a person that it believes intends to use the information in connection with a credit transaction involving the consumer on whom the

information is to be furnished and involving the collection of an account of the consumer. *See* 15 U.S.C. § 1681b(a)(3)(A). "[T]he plain language of the statute… focuses on the *intent* of the party obtaining the consumer report." *Trikas v. Universal Card Servs. Corp.*, 351 F. Supp. 2d 37, 42 (E.D.N.Y. 2005) (emphasis in original); *see also Miller v. Rubin & Rothman*, 2011 WL 4359977 at *3 (D. Minn. Sept. 19, 2011). Accordingly, "so long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA." *Korotki v. Attorney Servs. Corp., Inc.*, 931 F.Supp. 1269, 1276 (D. Md. 1996).

Upon placement of Plaintiff's Account with FRS, Dell represented, and provided information confirming, that Plaintiff owed a valid Debt on the Account. (Bowers Dec. ¶ 5.) FRS reviewed the information it received from Dell and believed it to be accurate. (*Id.* at ¶ 6.) FRS thus had reason to believe it had a permissible purpose for obtaining Plaintiff's consumer report, that being to use the information to assist FRS in collecting a valid Debt owed by Plaintiff on her Account. (*Id.* at ¶¶ 5-7.) FRS did not intend to use the information for any other purpose. (*Id.* at ¶ 7.) Although Plaintiff alleges that she did not own the Account or owe the Debt, (Compl., ¶ 21,) that fact is irrelevant for purposes of FRS' motion. *See Beckstrom v. Direct Merchant's Credit Card Bank*, 2005 WL 1869107 at *3 (D. Minn. Aug. 5, 2005) ("the FCRA is not violated [even] if the entity seeking the credit report made a good faith error in pulling the report."). The focus is exclusively on FRS' **intent**. *See Trikas*, 351 F. Supp. 2d at 42. FRS' answer and declaration establish FRS' lawful intent. Plaintiff's complaint is devoid of any specific factual allegations that contradict that intent. As a result, FRS is entitled to judgment on the pleadings.

///

///

## V. CONCLUSION

For the reasons set forth above, FRS requests that this Court grant its motion for judgment on the pleadings and dismiss Plaintiff's complaint, with prejudice and without leave to amend.

MOSS & BARNETT, P.A.

Dated: November 12, 2012          By: /s/ Issa K. Moe
                                      ISSA K. MOE
                                      Attorneys for Defendant
                                      FINANCIAL RECOVERY
                                      SERVICES, INC.