1  Issa K. Moe, Bar No. 254998
   MOSS & BARNETT, P.A.
2  4800 Wells Fargo Center
   90 South Seventh Street
3  Minneapolis, Minnesota 55402
   (612) 877-5399/FAX (612) 877-5016
4  MoeI@moss-barnett.com

5  Christopher D. Holt, Bar No. 228399
   KLINEDINST PC
6  5 Hutton Centre Drive, Suite 1000
   Santa Ana, California 92707
7  (714) 542-1800/FAX (714) 542-3592
   cholt@klinedinstlaw.com

8
   Attorneys for Defendant
9  FINANCIAL RECOVERY SERVICES,
   INC.

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  JOSCELIN B. THOMAS,              Case No.: 5:12-cv-01339-PSG-OP

14            Plaintiff,             **REPLY TO PLAINTIFF'S**
                                     **MEMORANDUM IN OPPOSITION TO**
15        v.                         **MOTION OF DEFENDANT**
                                     **FINANCIAL RECOVERY SERVICES,**
16  FINANCIAL RECOVERY               **INC. FOR JUDGMENT ON THE**
    SERVICES, INC.,                  **PLEADINGS**
17
            Defendant.              Date:        January 28, 2013
18                                  Time:        1:30 p.m.
                                    Courtroom:   880
19                                  Judge:       Hon. Philip S. Gutierrez

20

21        Defendant Financial Recovery Services, Inc. ("FRS") submits this reply to

22  the memorandum of plaintiff Joscelin B. Thomas ("Plaintiff") in opposition to

23  FRS' motion for judgment on the pleadings as to all claims in Plaintiff's complaint

24  pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  In support of this

25  reply, FRS states as follows:

26  ///

27  ///

28

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS, MINNESOTA 55402

- 1 -

# I.   <u>INTRODUCTION</u>

Plaintiff filed this suit against FRS, asserting a single claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.  Plaintiff bases that claim on the allegation that FRS obtained her consumer report without a permissible purpose.  FRS could have moved to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), as applicable authority consistently holds that Plaintiff's conclusory allegation is insufficient to state a claim under the FCRA.  In an attempt to clarify the record, however, FRS chose to answer the complaint and attach to its answer the *sworn* declaration of its CEO and President, Brian Bowers.  That declaration establishes that Dell Financial Services ("Dell") retained FRS to collect a debt that Dell represented was valid, due and owing by Plaintiff.  It also establishes that when FRS requested Plaintiff's consumer report, it did so solely for the permissible purpose of using that information to assist in its collection of Plaintiff's debt.  Despite FRS' good-faith efforts to clarify the record, Plaintiff refused to lay down her sword.  Thus, FRS was forced to file its motion for judgment on the pleadings.

FRS cited case law in its opening memorandum holding that conclusory allegations like Plaintiff's are insufficient to state a claim under the FCRA.  That alone provides an adequate basis to dismiss Plaintiff's claim.  Nevertheless, FRS went a step further, explaining that it had a permissible purpose under the FCRA for obtaining Plaintiff's consumer report: to use the information to aid in its collection of Plaintiff's debt.  FRS also cited authority establishing that for purposes of resolving its motion, it is immaterial whether Plaintiff actually owed the debt FRS sought to collect.  So long as FRS had a reason to believe that a permissible purpose existed, it was authorized to obtain Plaintiff's consumer report without violating the FCRA.  Dell's representation that Plaintiff owed the debt it retained FRS to collect provided such a "reason."

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402

1    Notwithstanding the straightforward nature of this dispute, Plaintiff filed a
2    *twenty-page* opposition to FRS' motion.  Plaintiff's opposition is simply an
3    attempt to muddy the waters.  Plaintiff does not address, let alone distinguish, the
4    extensive body of case law holding that her conclusory allegations are insufficient
5    to state a claim for relief under the FCRA.  Nor does she identify a single
6    impermissible purpose that FRS could have had for obtaining her consumer report.
7    Instead, Plaintiff argues, without explanation, that FRS knew or should have
8    known that it lacked a permissible purpose for its credit inquiry.  That argument is
9    as conclusory as the allegations in Plaintiff's complaint.  Plaintiff also makes
10   various evidentiary objections in an effort to show that FRS has not conclusively
11   established the existence of the account at issue.  Those objections are not only
12   baseless, they are also immaterial for purposes of resolving FRS' motion.  Because
13   Plaintiff has failed to establish that her FCRA claim is viable, the Court should
14   grant FRS' motion and dismiss Plaintiff's complaint.

15   II.    **REPLY**

16         A.    **Plaintiff Fails To State A Claim For Relief Under The FCRA.**

17         To support her FCRA claim, Plaintiff alleges that FRS obtained her
18   consumer credit report "with no permissible purpose." (Compl., ¶ 20.)  As FRS
19   explained in its opening memorandum, courts consistently hold that alleging in
20   conclusory fashion, as Plaintiff has done here, that a defendant obtained a
21   consumer credit report without having a permissible purpose is insufficient to state
22   a claim for relief under the FCRA.  *See, e.g., Flury v. CSC Credit Servs.*, 2012 WL
23   300726 (D. Ariz. Feb. 1, 2011); *Myers v. Stoneleigh Recovery Assocs.*, 2012 WL
24   1356752 at *5-6  (E.D. Cal. Apr. 18, 2012) (dismissing FCRA claim in which
25   plaintiff alleged lack of permissible purpose because he did not owe the debt
26   defendant sought to collect); *Pyle v. First National Collection Bureau*, 2012 WL
27   1413970 at *3-4 (E.D. Cal. Apr. 23, 2012) (conclusory assertions that plaintiff

28

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402

- 3 -

1    does not have accounts with defendant and that defendant pulled consumer report

2    without permissible purpose are insufficient to state a plausible claim for relief

3    under FCRA); *Myers v. Winn Law Group, APC*, 2011 WL 4954215 (E.D. Cal. Oct.

4    18, 2011) (dismissing FCRA claim and explaining that the court is not required to

5    accept conclusory allegation that defendant pulled report "without permissible

6    purpose" as true).

7          Plaintiff does not attempt to distinguish, or even address, any of the above-

8    cited cases in her opposition to FRS' motion. (Pl. Opp.)  The reason is simple:

9    Plaintiff's complaint is no different than the complaints filed in those cases.[1]  And

10    while Plaintiff does address *Makreas v. Moore Law Group, A.P.C.*, 2011 WL

11    3047634 (N.D. Cal. July 25, 2011), (Pl. Opp., p.15,) her attempt to distinguish that

12    case is unavailing.  Plaintiff argues that the *Makreas* court did not reach a decision

13    regarding whether the Moore Law Group had a permissible purpose for its credit

14    review because the plaintiff accepted a Rule 68 offer of judgment from that

15    defendant. (Pl. Opp., p.15.)  That may be an accurate statement of the disposition

16    of the claims against the Moore Law Group.  That disposition does not, however,

17    alter or otherwise diminish the clear holding of the *Makreas* court: alleging in a

18    conclusory fashion that a defendant lacks a "permissible purpose" for obtaining a

19    consumer report is insufficient to state a claim for relief under the FCRA.  *See*

20    _____

21    [1] Unfortunately, a myriad of frivolous lawsuits similar to Plaintiff's have been filed
in this District. *See, e.g.*, Case Nos. 2:12-cv-01510; 2:12-cv-01511; 2:12-cv-

22    04384; 2:12-cv-04387; 2:12-cv-02263; 2:12-cv-02066; 2:12-cv-03084; 2:12-cv-
04358; 2:12-cv-01223; 2:12-cv-01849; 2:12-cv-00457; 2:12-cv-00453; 2:12-cv-

23    06291; 2:12-cv-01792; 2:12-cv-01212; 2:12-cv-04735; 2:12-cv-04174; 2:12-cv-

24    04380.  The plaintiffs in those cases assert similar FCRA claims against every

25    creditor and collection agency listed on their respective credit reports.  Plaintiff has
herself commenced at least four other lawsuits in which she asserts the same

26    FCRA claim. *See, e.g.*, Case Nos. 5:11-cv-01824; 2:12-cv-00703; 5:12-cv-01338;

27    5:12-cv-01337.  These frivolous lawsuits not only clog the Court's docket, they
also result in substantial litigation expenses for law-abiding defendants.  The Court

28    should not allow Plaintiff to abuse the litigation process in this manner.

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
Minneapolis, Minnesota 55402

- 4 -

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402

1    *Makreas*, 2011 WL 3047634 at \*2.

2       Presumably aware that her position is unsupported by case law, Plaintiff

3    resorts to making bald legal conclusions in an attempt to breathe life into her dying

4    case.  For example, Plaintiff argues that FRS knew or should have known that it

5    lacked a permissible purpose to obtain her consumer report.[2]  (Pl. Opp., p.8-10.)

6    However, Plaintiff fails to explain with any specificity how she reaches that

7    conclusion.  Plaintiff does list several circumstances that she claims *did not* exist at

8    the time FRS obtained her consumer report.  (Pl. Opp., ¶ 30.A-I.)  They include,

9    among others, that Plaintiff: (i) did not authorize FRS to obtain her consumer

10    report from TransUnion; (ii) did not apply or have a contractual relationship for

11    any credit, loan, or services with FRS; and (iii) did not owe a debt, or have an

12    existing account or credit obligation with FRS.  (*Id.*)  Plaintiff's argument can be

13    boiled down to the following: FRS lacked a permissible purpose for obtaining

14    Plaintiff's consumer report because FRS did not receive Plaintiff's authorization to

15    do so and did not have a direct business relationship with Plaintiff.  That position

16    flies in the face of applicable legal authority.  *See, e.g., Pyle*, 2012 WL 1413970 at

17    \*3-4; *see also* 15 U.S.C. § 1681b(a).

18       The law in this area is clear.  Plaintiff cannot state a claim for relief under

19    the FCRA by alleging merely that FRS obtained her consumer report without a

20    permissible purpose.  Plaintiff is required to allege that FRS had some illegitimate

21    or impermissible purpose for doing so.  *See, e.g., Bickley v. Dish Network, LLC*,

22    2012 WL 5397754 at \*5 (W.D. Ky. Nov. 2, 2012) ("Plaintiff makes no allegations

23    as to any ***illegitimate purpose*** beyond the bare assertion that DISH Network

24    accessed his credit report without a permissible purpose…Even taking the factual

25    allegations made in all pleadings and briefings as favorable to the Plaintiff,

26

27    [2] Plaintiff makes this argument several times in her opposition, each time using
slightly different language. (*See, e.g.,* Pl. Opp., ¶¶ 28-30, 32, 34, 35, 37.)

28    Nevertheless, the substance of the argument is the same in each instance.

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS
Case No.: 5:12-cv-01339-PSG-OP

1   Plaintiff has failed to show that DISH Network accessed his credit report with an

2   ***impermissible purpose***.").  Plaintiff cannot make such an allegation here, at least

3   not in compliance with Fed. R. Civ. P. 11(b).  For that reason alone, the Court

4   should dismiss Plaintiff's complaint, with prejudice and without leave to amend.

**B.    FRS Has Established That It Had A Permissible Purpose To Obtain Plaintiff's Consumer Report.**

A person may obtain a consumer report if it intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the collection of an account of the consumer.  *See* 15 U.S.C. § 1681b(a)(3)(A).  "[T]he plain language of the statute... focuses on the *intent* of the party obtaining the consumer report." *Trikas v. Universal Card Servs. Corp.*, 351 F. Supp. 2d 37, 42 (E.D.N.Y. 2005) (emphasis in original).  As such, "so long as a user has *reason to believe* that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA." *Korotki v. Attorney Servs. Corp., Inc.,* 931 F.Supp. 1269, 1276 (D. Md. 1996) (emphasis added).  As discussed below, FRS clearly had "reason to believe" that it had a permissible purpose to obtain Plaintiff's consumer report pursuant to section 1681b(a)(3)(A) of the FCRA.

As set out in the declaration FRS attached to its answer, Dell placed with FRS for collection an account that Plaintiff opened with Dell.  (Doc. No. 5-1, Declaration of Brian Bowers ("Bowers Dec.") ¶¶ 4-5.)  Dell provided the following information to FRS: Plaintiff owed $3,802.50 on her Dell account ending in 0569.  (*Id.*)  The information Dell furnished provided FRS with "reason to believe" it had been retained to collect a valid account of Plaintiff, and that it was, therefore, permitted to obtain Plaintiff's consumer report to use the information in connection with its collection of Plaintiff's account.  That was FRS' stated intent for obtaining Plaintiff's consumer report here.  (*Id.* at ¶ 7.)  FRS had no other purpose.  (*Id.*)  Accordingly, FRS complied with the FCRA.

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402

- 6 -

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
Minneapolis, Minnesota 55402

1   Plaintiff does not in her opposition directly controvert FRS' stated intent, or

2   argue that FRS had an alternate, impermissible purpose. Instead, she makes

3   various evidentiary objections in an attempt to establish that FRS has failed to

4   prove the existence of the account at issue. For example, Plaintiff complains that

5   FRS has not provided contracts or signatures, or other documentation of the

6   account.[3] (*See, e.g.,* Pl. Opp., p.3, ¶ 10; p.14, ¶ 56.) That evidence is irrelevant,

7   however, for purposes of the present dispute. *See Beckstrom v. Direct Merchant's*

8   *Credit Card Bank,* 2005 WL 1869107 at *3 (D. Minn. Aug. 5, 2005) ("the FCRA

9   is not violated [even] if the entity seeking the credit report made a good faith error

10   in pulling the report."). FRS is not required to prove the existence of Plaintiff's

11   account with Dell in order to prevail in this matter. *See id.* The focus is

12   exclusively on FRS' ***intent***, which, as mentioned, was lawful. *See Trikas,* 351 F.

13   Supp. 2d at 42.

14   Plaintiff also conflates legal standards in an attempt to confuse the Court.

15   For example, on several occasions, Plaintiff refers to a "reasonable belief"

16   standard, suggesting that FRS had a heightened duty to investigate the existence of

17   Plaintiff's account before obtaining her consumer report. (*See, e.g.,* Pl. Opp.,

18   pp.10, 15.) As discussed above, however, a user may obtain a consumer report if it

19   has "reason to believe" that a permissible purpose exists. *See Korotki,* 931 F.Supp.

20   at1276. The Act does not impose a more stringent "reasonable belief" standard on

21   users. Plaintiff also cites *Miller v. Wolpoff & Abramson, LLP,* 321 F.3d 292 (2d

22

23   [3] Although Plaintiff dances around the issue on several occasions, notably absent

24   from Plaintiff's opposition and declaration is an *express* statement that Plaintiff
     does not owe the debt to Dell. FRS wonders if that is because Plaintiff does in fact

25   owe the debt Dell retained FRS to collect, but is intentionally skirting the issue to

26   keep this case from flatlining. That strategy ignores the obvious fact that had an
     account allegedly owed by Plaintiff not been placed with FRS, FRS would have

27   been unable to access Plaintiff's credit report as it would not have possessed her

28   personal identifying information.

- 7 -

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
Minneapolis, Minnesota 55402

1  Cir. 2003), for a similar proposition; namely, that to satisfy the "reason to believe"
2  standard, FRS had a heightened duty to investigate the existence of Plaintiff's
3  account before pulling her consumer report. *Miller* is a case brought under the Fair
4  Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, not the
5  FCRA. The case holds that under the FDCPA, an attorney has a heightened duty
6  to conduct a meaningful review of a consumer's file before sending a collection
7  letter on attorney letterhead. *Miller* does not even tangentially discuss the less
8  stringent "reason to believe" standard imposed by the FCRA. Accordingly, *Miller*
9  does not support the proposition Plaintiff cites it for.

10  FRS clearly complied with the FCRA as it had reason to believe that a
11  permissible purpose existed to obtain Plaintiff's consumer report here. FRS'
12  lawful intent is spelled out in the declaration attached to FRS' answer.[4] Plaintiff
13  does not directly controvert FRS' expressed intent, nor does she offer an alternate,
14  impermissible purpose that FRS could have had for obtaining her consumer report.
15  Since FRS' intent is the sole relevant inquiry for purposes of this dispute,
16  discovery is unnecessary and would only serve to authorize a fishing expedition for
17  Plaintiff. For these reasons and those discussed in FRS' opening memorandum,
18  the Court should grant FRS' motion for judgment on the pleadings.

19  **III.   CONCLUSION**

20  Given the baseless nature of Plaintiff's complaint, this lawsuit appears to be
21  nothing more than a shakedown—an attempt by Plaintiff to extort FRS into an
22  unwarranted settlement to avoid litigation costs. Plaintiff's complaint supports that
23  conclusion. *See* Compl., ¶ 18 ("Plaintiff sent a notice to FRS[] of their violations
24  of the FCRA in an effort to…***reach a settlement***…FRS[] never engaged Plaintiff
25  in ***settlement discussions***[.]") (emphasis added).  Contrary to what Plaintiff may

27  [4] FRS' CEO and President, Brian Bowers, made that ***sworn*** declaration based on
28  ***his own personal knowledge.***  (Bowers Dec. ¶ 2.)

- 8 -

1    believe, the litigation process is not a tool to advance a get-rich-quick scheme.  The

2    Court should not reward Plaintiff for using it in that manner.  Instead, the Court

3    should grant FRS' motion for judgment on the pleadings and dismiss Plaintiff's

4    complaint, with prejudice and without leave to amend.

5

6                                              MOSS & BARNETT, P.A.

7

8    Dated:  January 14, 2013              By:  /s/ Issa K. Moe

9                                              ISSA K. MOE
                                               Attorneys for Defendant
10                                             FINANCIAL RECOVERY
                                               SERVICES, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**
Case No.: 5:12-cv-01339-PSG-OP

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
Minneapolis, Minnesota 55402

1  Issa K. Moe, Bar No. 254998
   MoeI@moss-barnett.com
2  MOSS & BARNETT, P.A.
   4800 Wells Fargo Center
3  90 South Seventh Street
   Minneapolis, Minnesota 55402
4  612.877.5399/FAX 612.877.5016

5  Christopher D. Holt, Bar No. 228399
   KLINEDINST PC
6  5 Hutton Centre Drive, Suite 1000
   Santa Ana, California 92707
7  (714) 542-1800/FAX (714) 542-3592
   cholt@klinedinstlaw.com
8
   Attorneys for Defendant
9  FINANCIAL RECOVERY SERVICES,
   INC..

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  JOSCELIN B. THOMAS,              Case No: 5:12-cv-01339-PSG-OP

14         Plaintiff,                **CERTIFICATE OF SERVICE**

15     v.                           Courtroom:   880
                                    Judge:    Philip S Gutierrez
16  FINANCIAL RECOVERY              Magistrate Judge: Oswald Parada
    SERVICES, INC.,
17
           Defendant.
18

19

20

21

22

23

24

25

26

27

28

                              - 1 -

                                    **CERTIFICATE OF SERVICE**

*(left margin, vertical)* Moss & Barnett, P.A. 4800 Wells Fargo Center 90 South Seventh Street Minneapolis, MN 55402

1

## CERTIFICATE OF SERVICE

STATE OF MINNESOTA        )

2

COUNTY OF HENNEPIN        )

3

4

I declare that:

5

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action.  I am employed in the County of Hennepin, Minnesota, and my business address is 4800 Wells Fargo Center, 90 South 7th Street, Minneapolis, Minnesota 55402.

6

7

On **January 14, 2013**, I caused to be served the following documents:

8

**REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION OF DEFENDANT FINANCIAL RECOVERY SERVICES, INC. FOR JUDGMENT ON THE PLEADINGS**

9

10

⊠    **BY REGULAR MAIL:** I caused such envelopes to be deposited in the United States mail, at Minneapolis, Minnesota, with postage thereon fully prepaid, individually, addressed to the parties as indicated.  I am readily familiar with the firm's practice of collection and processing correspondence in mailing.  It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed. R. Civ. P. 5(b)(2)(B).)

11

12

13

14

☐    **BY OVERNIGHT SERVICE:** I caused such envelopes to be delivered by Overnight/Express Mail Delivery to the addressee(s) noted in this Certificate of Service.

15

16

☐    **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted (by facsimile # ) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

17

18

19

☐    **BY ELECTRONIC FILING SERVICE:** By electronically filing the foregoing document(s) using the CM/ECF system. Service of an electronically filed document upon a CM/ECF User who has consented to electronic service is deemed complete upon the transmission of the Notice of Electronic Filing ("NEF").  The NEF will be maintained with the original document(s) in our office.

20

21

22

23

☐    **BY PERSONAL SERVICE:** I served the person(s) listed below by leaving the documents, in an envelope or package clearly labeled to identify the person being served, to be personally served via Metro Legal Services on the parties listed on the service list below at their designated business address.

24

25

26

☐    By personally delivering the copies;

27

☐    By leaving the copies at the attorney's office;

28

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

- 2 -

**CERTIFICATE OF SERVICE**

2245836v1

1
2

☐ With a receptionist, or with a person having charge thereof; or

☐ In a conspicuous place in the office between the hours of _____ in the morning and five in the afternoon;

3
4

☐ By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

5
6

I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

7

**SEE ATTACHED SERVICE LIST**

8
9
10
11

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Minneapolis, Minnesota, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

12

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

13
14

Executed on January 14, 2013, at Minneapolis, Minnesota.

15
16

s/ Andrea P. Lande_____
Andrea P Lande

17
18
19
20
21
22
23
24
25
26
27
28

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

- 3 -

**CERTIFICATE OF SERVICE**

2245836v1

1

Service List
JOCSELIN B THOMAS V. FINANCIAL RECOVERY SERVICES, INC.

2

| **Joscelin B Thomas** | T: (951) 616-0044 |
|---|---|
| 14626 Red Gum Street | |
| Moreno Valley, CA 92555 | PRO SE |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS, MN 55402

- 4 -

**CERTIFICATE OF SERVICE**

2245836v1