UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#15

CIVIL MINUTES - GENERAL

| Case No. | EDCV 12 - 1339 PSG (Opx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | *Thomas v. Financial Recovery Services, et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Reported | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):            Attorneys Present for Defendant(s):

Not Present                                                   Not Present

**Proceedings:**   **(In Chambers): Order GRANTING motion for judgment on the pleadings**

Before the Court is Defendant Financial Recovery Services, Inc.'s ("Defendant" or "FRS") motion for judgment on the pleadings. *See* Dkt. # 15. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the arguments in the moving and opposing papers, the Court GRANTS Defendant's motion.

I.   Background

On August 28, 2012, Plaintiff Jocelyn B. Thomas ("Plaintiff") filed a complaint against Defendant alleging a claim pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* Plaintiff brought her claim specifically under 15 U.S.C. § 1681b, which sets out the circumstances under which a consumer reporting agency may furnish an individual's consumer credit report. *Compl.* ¶¶ 11-21. Plaintiff alleges that Defendant violated the FCRA by obtaining her consumer credit report in July 2010 for an impermissible purpose and without her authorization. *Id.* ¶¶ 16-17.

On November 12, 2012, Defendant filed a motion for judgment on the pleadings. Defendant advances two arguments in support of its motion for judgment on the pleadings. First, Defendant argues that Plaintiff's complaint is insufficient on its face because Plaintiff has failed to plead with sufficient detail that Defendant obtained her credit report for an improper purpose. *Mot.* 5:9-6:15. Second, Defendant contends that even if Plaintiff's Complaint is sufficient, Defendant did in fact have a permissible purpose for requesting Plaintiff's credit report, defeating Plaintiff's claim. *Id.* 6:15-7:19. In support of this second contention,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#15

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12 - 1339 PSG (Opx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | *Thomas v. Financial Recovery Services, et al.* | | |

Defendant refers to a declaration by FRS CEO and President Brian Bowers ("Bowers"), who states that the company requested Plaintiff's credit report in connection with a debt reported to it by Dell Financial Services ("Dell") and did so with the intent to use the report to assist in its collection efforts related to the Dell account. *Id.* 7:13-19; *see also Bower Decl.* ¶¶ 4-7. Plaintiff has objected to all statements in Bowers's declaration, though she does not make specific evidentiary objections nor cite the grounds for her objections. *See Opp.* 3:1-15; *Thomas Decl.* ¶ 2.

II.   Legal Standard

Federal Rule of Civil Procedure 12(c) provides:  "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Judgment on the pleadings is proper when the defendant clearly establishes that, even if all material facts in the complaint are true, no material issue of fact remains for trial and the defendant is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The standard governing a Rule 12(c) motion for judgment on the pleadings is essentially the same as that governing a Rule 12(b)(6) motion. For a Rule 12(c) motion, the allegations of the nonmoving party must be accepted as true, while the allegations of the moving party that have been denied are assumed to be false. *Id.* The motion will be granted if, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law. *See Torbet v. United Airlines, Inc.,* 298 F.3d 1087, 1089 (9th Cir.2002), *overruled on other grounds, United States v. Aukai*, 497 F.3d 955, 960 (9th Cir. 2007). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

Additionally, unique to cases with a *pro se* plaintiff, the Court has a duty to liberally interpret the plaintiff's pleadings. *Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). In this case, Plaintiff's Complaint was not prepared by counsel, so the Court holds her to "less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#15

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12 - 1339 PSG (Opx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | *Thomas v. Financial Recovery Services, et al.* | | |

III.  Discussion

    A.  Evidence Considered

    The Court may not go beyond the pleadings to resolve the motion for judgment on the pleadings without converting the motion into a Rule 56 motion for summary judgment. *Hal Roach Studios*, 896 F.2d at 1550. The Court must thus rely on the complaint and the answer in evaluating a motion for judgment on the pleadings. *See id.* It is well-settled that materials properly attached as exhibits to the complaint and matters that are subject to judicial notice may also be considered in evaluating a motion for judgment on the pleadings. *See Buraye v. Equifax*, 625 F. Supp. 2d 894, 896-97 (C.D. Cal. 2008); *see also Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426, 429-30 & n. 2 (9th Cir. 1978). However, there is some disagreement among courts regarding whether documents attached to the answer, rather than the complaint, may be properly considered. *See, e.g.*, *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2nd Cir. 2011) ("On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)); *Buraye*, 625 F. Supp. 2d at 896-97 (noting that courts may consider "the complaint, the answer, and any written instruments attached as exhibits" in deciding a motion to dismiss (internal quotation marks omitted)); *Emp'rs Ins. of Wausau v. Price Aircraft Co., LLC*, 283 F. Supp. 2d 1144, 1146 (D. Haw. 2003) (stating that courts may consider documents attached to both the complaint and the answer when deciding a motion for judgment on the pleadings). *But see Clark v. Chase Home Fin., LLC*, No. 08-cv-0500 JM (RBB), 2008 WL 2326307, at *4 (S.D. Cal. June 3, 2008) (declining to consider documents attached to the defendant's answer when evaluating the defendant's motion for judgment on the pleadings).

    Here, Defendant requests the Court to consider Bowers's declaration, in which he attests to FRS's intent in requesting Plaintiff's credit report. *Mot.* 7:13-19. Plaintiff has objected to the declaration, appearing to challenge the substance of Bowers's statements. *Thomas Decl.* ¶¶ 2-11. The Court declines to consider Bower's declaration in connection with the present motion for judgment on the pleadings. First, it appears to be an unsettled question whether the Court may rely on exhibits attached to the defendant's answer in considering a motion for judgment on the pleadings pursuant to Rule 12(c). *Compare Empr's Ins.*, 283 F. Supp. at 1146, *with Clark*, 2008 WL 2326307, at *4. Moreover, even if the Court may consider some exhibits attached to the answer—such as a written instrument that is central to the case—the Court is aware of no authority that would permit it to consider a declaration attached to the answer, especially when the declaration is contested. *See Hal Roach Studios*, 896 F.2d at 1550 (noting that the district court had gone well beyond the pleadings in considering declarations in connection with a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#15

CIVIL MINUTES - GENERAL

| Case No. | EDCV 12 - 1339 PSG (Opx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | *Thomas v. Financial Recovery Services, et al.* | | |

motion for judgment on the pleadings). However, even if the Court were to conclude that it may properly rely on the Bowers Declaration in the context of the present motion, any factual allegations by the moving party that have been denied by the non-moving party must be deemed false. *See Hal Roach Studios*, 896 F.2d at 1550. In her declaration, Plaintiff appears to deny the facts asserted in Bowers's declaration. *Thomas Decl.* ¶¶ 2-11. Accordingly, the Court deems the statements in Bowers' declaration to be false in the context of the present motion for judgment on the pleadings.

    B.    <u>FCRA</u>

Plaintiff brings one claim under the FCRA: violation of 15 U.S.C. § 1681b. The FCRA imposes civil liability on any person who obtains a consumer report for an impermissible purpose. 15 U.S.C. § 1681b; *Grigoryan v. Convergent Outsourcing, Inc.*, No. CV 12-1499-CAS (PLAx), 2012 WL 4475455, at *3 (C.D. Cal. Sept, 24, 2012). The FCRA enumerates the permissible purposes for which a consumer reporting agency may furnish a consumer report. 15 U.S.C. § 1681b(a). The purposes enumerated in § 1681b(a) are the only permissible purposes for which a consumer report may be furnished to a requesting party. *Id.*; *Grigoryan*, 2012 WL 4475455, at *3. A consumer reporting agency may furnish a consumer credit report in response to a court order or in accordance with the written instructions of the consumer to whom it relates. 15 U.S.C. § 1681b(a)(1)-(2). Additionally, a consumer reporting agency may furnish a report to a person if the person intends to use the information for the following purposes: in connection with a credit transaction, including the extension, review, or collection of a debt; for employment purposes; in connection with the underwriting of insurance; to determine the consumer's eligibility for a license or other government benefit; to assess risk by a potential investor, servicer, or insurer in connection with an existing credit obligation; in connection with a business transaction initiated by the consumer or to review the consumer's account; and by executive departments and agencies. 15 U.S.C. § 1681b(a)(3).

Plaintiff alleges that Defendant's request for her credit report was impermissible because none of the circumstances enumerated in § 1681b(a) applied at the time it requested her report. *Compl.* ¶ 17. Specifically, Plaintiff alleges that she did not authorize the credit reporting agency to furnish the report nor authorize FRS to obtain the report; did not apply for any credit, loans, or services with FRS, have a contractual relationship with FRS, owe a debt to FRS, nor have an existing account or credit obligation with FRS; did not apply for employment or insurance with FRS; was not subject to a court order requiring the report; and did not apply for a license or other benefit. *Id.*

Defendant contends that these allegations are insufficient to state a claim under the FCRA because they are overly vague and conclusory. *Mot.* 5:14-6:14. Defendant argues that merely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#15

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12 - 1339 PSG (Opx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | *Thomas v. Financial Recovery Services, et al.* | | |

stating that it did not have a permissible purpose under the FRCA and denying that each of the enumerated permissible purposes existed is insufficient to state a claim for violation of § 1681b. *Id.*; *Reply* 2:17-19. Alternatively, Defendant contends that it is entitled to judgment on the pleadings because it had a permissible purpose for requesting the report. *Mot.* 6:15-7:19. Defendant contends that it requested Plaintiff's consumer credit report in order to use the information to assist with its collection of a debt owed by Plaintiff to another agency. *Mot.* 1:26-2:1. Specifically, Defendant contends that Plaintiff had a delinquent account with Dell Financial Services ("Dell"), which was referred to FRS for collection. *Mot.* 2:19-24; *Bower Decl.* ¶¶ 4-5.

Mindful that it must liberally construe Plaintiff's pleadings due to her *pro se* status, *see Bernhardt*, 339 F.3d at 925, the Court considers whether Plaintiff's Complaint is adequate to state a claim under the FCRA. As discussed above, the Court may not rely on Bowers' declaration, which Defendant contends demonstrates that it had a permissible purpose to request the report. Accordingly, the Court only addresses whether the allegations in Plaintiff's Complaint are sufficient.

In order to succeed on a claim under § 1681b, a plaintiff must establish that the defendant did not have a permissible purpose for requesting his credit report. *See Thomas v. U.S. Bank, N.A.*, 325 F. App'x 592, 593 (9th Cir. 2009) (granting summary judgment in favor of the defendant because the plaintiff had failed to present evidence that the defendant requested the report without a permissible purpose). Accordingly, to survive a motion for judgment on the pleadings on a § 1681b claim, the plaintiff must allege facts that, if proven, would establish that the defendant did not have a permissible purpose for obtaining the credit report at issue. *See Pyle v. First Nat'l Collection Bureau*, No. 12-cv-00288-AWI-SKO, 2012 WL 1413970, at *3 (E.D. Cal. Apr. 23, 2012). However, bare allegations that the defendant did not have a permissible purpose for obtaining a credit report, without more, are insufficient. *See id.* (finding the allegation that "none of the specific and strictly limited circumstances granting permissible purpose under section 1681b applied to defendant" was insufficient to state a claim under § 1681b); *Flury v. CSC Credit Servs.*, No. CV-11-1166-PHX-FJM, 2012 WL 300726, at *1 (D. Ariz. Feb. 1, 2012) (finding that the plaintiff had failed to support his FCRA claim for improperly requesting a credit report because his complaint contained "a single conclusory allegation that his credit report was 'obtained without a permissible purpose.'"); *Makreas v. The Moore law Group, A.P.C.*, No. C-11-2406 MMC, 2011 WL 3047634, at *1 (N.D. Cal. July 25, 2011) (finding that the plaintiff's allegation that the defendant lacked a permissible purpose for requesting the credit report, without more, was insufficient to state a claim). Merely reciting each of the permissible circumstances and denying that they apply is similarly inadequate. *See Myers v. Winn Law Group, APC*, No. 11-cv-2372 JAM KJN PS, 2011 WL 4954215, at *2-3 (E.D. Cal. Oct. 18, 2012) (finding insufficient conclusory allegations, which grouped all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#15

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12 - 1339 PSG (Opx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | *Thomas v. Financial Recovery Services, et al.* | | |

defendants together, that the defendants obtained the plaintiff's credit report and that the plaintiff neither owed the defendants a debt nor had a contract with the defendants); *Makreas*, 2011 WL 3047634, at *1 (noting that denying that there was a business relationship between plaintiff and defendant was insufficient to state a claim under the FCRA).  Moreover, Courts have been especially skeptical of claims brought against debt collection agencies, given that debt collection agencies typically request credit reports for the permissible purpose of seeking the information in connection with the consumer's debt.  *See Pyle*, 2012 WL 1413970, at *3 ("As Defendant appears to be a collection agency, Plaintiff's conclusory allegations fail to sufficiently set forth facts to establish that Defendant violated the FCRA.  Plaintiff fails to establish that Defendant was not, in fact, a debt collection agency, or that Plaintiff did not owe any debt that Defendant was seeking to collect on behalf of another entity."); *Myers v. Stoneleigh Recovery Assoc.*, No. CIV S-11-1753 LKK EFB PS, 2012 WL 1356752, at *4-5 (E.D. Cal. Apr. 18, 2012) (dismissing an FCRA claim when the plaintiff alleged that the defendant pulled two credit reports without a permissible purpose but also alleged that the defendant was attempting to collect a debt from the plaintiff, which would have been a permissible purpose); *Makreas*, 2011 WL 3047634, at *3 (noting that the defendant was a debt collection agency when dismissing the FCRA claim).

     Here, Plaintiff has made the conclusory allegation that Defendant did not have a permissible purpose to request her credit report.  *Compl.* ¶¶ 17-21.  Plaintiff additionally enumerates each of the permissible circumstances under which a person may request a consumer credit report and alleges that none of these circumstances existed at or about the time Defendant requested Plaintiff's credit report.  *Id.* ¶ 17.  As such, Plaintiff does no more than make legal conclusions, which is insufficient to survive a Rule 12(c) motion.  *See Hal Roach Studios*, 896 F.2d at 1550;  *see also Iqbal*, 556 U.S. at 678.

     This conclusion is sufficient at the present stage to grant Defendant's motion for judgment on the pleadings.  However, because Plaintiff is proceeding *pro se,* the Court will grant Plaintiff leave to amend and will take a moment to address how Plaintiff may amend her Complaint to state a claim under the FCRA, should she choose to do so.

     Defendant contends that it requested Plaintiff's credit report in connection with debt collection activities relating to Plaintiff's account with Dell.  *See Bowers Decl.* ¶¶ 4-5.  Though the Court has concluded that it may not rely on this declaration for purposes of determining the present motion, it is clear that this issue will be relevant if the case moves forward.  Specifically, it appears that the dispositive issue if the case moves forward will be whether Defendant's request for Plaintiff's credit report was permissible under § 1681b(a)(3)(A), which permits a reporting agency to furnish a credit report if the person receiving the report "intends to use the information in connection with a credit transaction involving the consumer on whom the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#15

CIVIL MINUTES - GENERAL

| Case No. | EDCV 12 - 1339 PSG (Opx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | *Thomas v. Financial Recovery Services, et al.* | | |

information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). "To qualify under § 1681b(a), the 'credit transaction' must both (1) be 'a credit transaction involving the consumer on whom the information is to be furnished' and (2) involve 'the extension of credit to, or review or collection of an account of, the consumer.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2009) (quoting 15 U.S.C. § 1681b(a)(3)(A)). Whether the request was permissible under § 1681b(a)(3)(A) is thus a two-part inquiry, in which the Court must determine both whether the underlying credit transaction involved the consumer and whether it related to the extension to or review or collection of a debt owed by the consumer. *Id.*

In support of her claim, Plaintiff cites to *Pintos*, which sets out the requirements for finding a request permissible under § 1681b(a)(3)(A). *See Opp.* 12:7-16. In *Pintos*, the Ninth Circuit addressed an FCRA claim in which the defendant, a collection agency, had requested the plaintiff's credit report in order to collect costs plaintiff had failed to pay in association with the towing of her illegally parked car. *Pintos,* 605 F.3d at 674. The court concluded that § 1681b(a)(3)(A) did not apply to permit the furnishing of the credit report because Plaintiff was not "involved" with the transaction at issue, which was the debt acquired due to the towing of her car. *Id.* The court concluded that the plaintiff was not involved in the transaction because she had not been a participant in the action of towing her car nor had she initiated the transaction. *Id.* at 675. In other words, the Court conducted a two-step inquiry and found that the defendant had failed on the first prong by failing to show that the plaintiff was involved in the underlying transaction. Accordingly, the Court found that the defendant was not authorized to request the plaintiff's credit report and so reversed the district court's grant of summary judgment in favor of the defendant on that issue. *Id.* In *Grigoryan*, to which Plaintiff also cites, a court in the central district followed *Pintos* in a motion for judgment on the pleadings and denied the motion because there were no allegations on the face of the complaint that would support a finding that the plaintiff was involved in a transaction giving rise to a debt for which the defendant requested her credit report. *Grigoryan*, 2012 WL 4475455, at *4.

The Court is not persuaded that, at the present stage, the reasoning in *Pintos* is relevant to the present case. *Pintos* was decided on appeal from a motion for summary judgment. *Pintos,* 605 F.3d at 674-75. When the district court had granted summary judgment, the court had evidence establishing that the defendant had requested the report in connect with a debt owed by the plaintiff and showing the nature of the underlying debt. *Id.* In *Grigoryan*, decided on a motion for judgment on the pleadings, the plaintiff had referenced the underlying debt in her complaint and alleged that the debt did not exist. *Grigoryan*, 2012 WL 4475455, at *4. In this case, in contrast, there are not sufficient allegations from which the Court can determine whether the reasoning in *Pintos* and *Grigoryan* may apply. Plaintiff has not alleged that Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#15

CIVIL MINUTES - GENERAL

| Case No. | EDCV 12 - 1339 PSG (Opx) | Date | January 31, 2013 |
|---|---|---|---|
| Title | *Thomas v. Financial Recovery Services, et al.* | | |

requested her credit report in order to collect an underlying debt.  *See Compl.*   Because Plaintiff has not identified the underlying debt at issue nor admitted that Defendant requested her credit report in connection with that debt, it follows that she has also not alleged that she was not involved in the underlying transaction.  Even as a *pro se*, the Court is not persuaded that the pleading standards are so liberal that Plaintiff may survive the present motion for judgment on the pleadings simply because she may be able to allege that the credit report was requested in connection with an underlying debt and then may also be able to allege that she was not involved in the underlying transaction.  *See Bernhardt*, 339 F.3d at 925.  Such a finding would require the Court to disregard the standards articulated by other courts in addressing similar FCRA claims, cited above.  However, Plaintiff is granted leave to amend to the extent that she may allege facts that, if proven, would establish either that Defendant did not request her credit report in connection with the debt to Dell or that Plaintiff was not involved in the underlying transaction with Dell.

IV.    Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion for judgment on the pleadings.  Plaintiff may submit an amended complaint no later than **February 21, 2013.**

**IT IS SO ORDERED.**