Issa K. Moe, Bar No. 254998
MoeI@moss-barnett.com
MOSS & BARNETT, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
612.877.5399/FAX 612.877.5016

Christopher D. Holt, Bar No. 228399
KLINEDINST PC
5 Hutton Centre Drive, Suite 1000
Santa Ana, California 92707
(714) 542-1800/FAX (714) 542-3592
cholt@klinedinstlaw.com

Attorneys for Defendant
FINANCIAL RECOVERY SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSCELIN B. THOMAS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FINANCIAL RECOVERY SERVICES, INC.,<br><br>　　　　Defendant. | Case No: 5:12-cv-01339-PSG-OP<br><br>**ANSWER OF DEFENDANT FINANCIAL RECOVERY SERVICES, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Financial Recovery Services, Inc. ("FRS"), as and for its answer to the first amended complaint of plaintiff Joscelin B. Thomas ("Plaintiff"), denies each and every allegation contained therein, unless otherwise admitted or qualified herein.

///

///

- 1 -
ANSWER OF DEFENDANT TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO.: 5:12-cv-01339-PSG-OP

## I.

## **RESPONSES TO PLAINTIFF'S ALLEGATIONS**

1.  In response to paragraph 1 of Plaintiff's first amended complaint, FRS admits that Plaintiff brings this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, but denies that it violated the FCRA or any other law.

2.  FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 2 of Plaintiff's first amended complaint and, therefore, denies the same.

3.  In response to paragraph 3 of Plaintiff's first amended complaint, FRS admits that the statute referenced therein confers jurisdiction on this Court, but denies that it violated any law to subject it to said jurisdiction.

4.  FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 4 of Plaintiff's first amended complaint and, therefore, denies the same.

5.  FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 5 of Plaintiff's first amended complaint and, therefore, denies the same.

6.  FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 6 of Plaintiff's first amended complaint and, therefore, denies the same.

7.  In response to paragraph 7 of Plaintiff's first amended complaint, FRS admits that Joscelin B. Thomas is the named plaintiff in this case. FRS lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth paragraph 7 of Plaintiff's first amended complaint and, therefore, denies the same.

8.  In response to paragraph 8 of Plaintiff's first amended complaint, FRS

denies that it is an "unknown entity," but admits the remaining allegations set forth therein.

9. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 9 of Plaintiff's first amended complaint and, therefore, denies the same.

10. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 10 of Plaintiff's first amended complaint and, therefore, denies the same.

11. In response to paragraph 11 of Plaintiff's first amended complaint, FRS admits that it requested Plaintiff's consumer report from TransUnion in July 2010, but states that it had a permissible purpose for doing so. *See* Doc. No. 5-1, Declaration of Brian Bowers ("Bowers Dec.") ¶ 7.

12. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 12 of Plaintiff's first amended complaint and, therefore, denies the same.

13. FRS denies the allegations set forth in paragraph 13 of Plaintiff's first amended complaint.

14. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 14 of Plaintiff's first amended complaint and, therefore, denies the same.

15. FRS denies the allegations set forth in paragraph 15 of Plaintiff's first amended complaint. *See* Bowers Dec. ¶¶ 4-7.

16. FRS denies the allegations set forth in paragraph 16 of Plaintiff's first amended complaint.

17. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 17 of Plaintiff's first amended complaint and, therefore, denies the same.

18. FRS denies the allegations set forth in paragraph 18 of Plaintiff's first amended complaint. *See* Bowers Dec. ¶¶ 4-7.

19. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 19 of Plaintiff's first amended complaint and, therefore, denies the same.

20. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 20 of Plaintiff's first amended complaint and, therefore, denies the same.

21. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 21 of Plaintiff's first amended complaint and, therefore, denies the same.

22. FRS denies the allegations set forth in paragraph 22 of Plaintiff's first amended complaint.

23. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 23 of Plaintiff's first amended complaint and, therefore, denies the same.

24. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 24 of Plaintiff's first amended complaint and, therefore, denies the same.

25. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 25 of Plaintiff's first amended complaint and, therefore, denies the same.

26. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 26 of Plaintiff's first amended complaint and, therefore, denies the same.

27. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 27 of Plaintiff's first amended complaint and,

1  therefore, denies the same.

2  28.   FRS denies the allegations set forth in paragraph 28 of Plaintiff's first amended complaint.

4  29.   FRS denies the allegations set forth in paragraph 29 of Plaintiff's first amended complaint.

6  30.   FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 30 of Plaintiff's first amended complaint and, therefore, denies the same.

9  31.   FRS denies the allegations set forth in paragraph 31 of Plaintiff's first amended complaint. *See* Bowers Dec. ¶¶ 4-7.

11  32.   FRS denies the allegations set forth in paragraph 32 of Plaintiff's first amended complaint. *See* Bowers Dec. ¶¶ 4-7.

13  33.   FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 33 of Plaintiff's first amended complaint and, therefore, denies the same.

16  34.   Paragraph 34 of Plaintiff's first amended complaint does not contain allegations that require a response from FRS. To the extent that a response is required, FRS states that the FCRA speaks for itself, and denies the allegations set forth in paragraph 34 of Plaintiff's first amended complaint to the extent, if any, that they misinterpret or misconstrue the FCRA.

21  35.   FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 35 of Plaintiff's first amended complaint and, therefore, denies the same.

24  36.   FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 36 of Plaintiff's first amended complaint and, therefore, denies the same.

27  37.   FRS denies the allegations set forth in paragraph 37 of Plaintiff's first

amended complaint.

38. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 38 of Plaintiff's first amended complaint and, therefore, denies the same.

39. In response to paragraph 39 of Plaintiff's first amended complaint, FRS admits that on August 13, 2012, Plaintiff lodged a complaint against FRS for alleged violations of the FCRA. FRS denies that Plaintiff identifies the correct docket entry for her complaint, and denies that it violated the FCRA or any other law in this matter.

40. In response to paragraph 40 of Plaintiff's first amended complaint, FRS admits that on August 13, 2012, Plaintiff sent an e-mail to Brian Bowers at FRS. FRS states that the written correspondence speaks for itself, and denies Plaintiff's allegations to the extent, if any, that they mischaracterize or misconstrue the correspondence.

41. In response to paragraph 41 of Plaintiff's first amended complaint, FRS admits that on August 13, 2012, Plaintiff sent an e-mail to Brian Bowers at FRS. FRS states that the written correspondence speaks for itself, and denies Plaintiff's allegations to the extent, if any, that they mischaracterize or misconstrue the correspondence.

42. FRS denies the allegations set forth in paragraph 42 of Plaintiff's first amended complaint. *See* Bowers Dec. ¶¶ 4-7.

43. FRS denies the allegations set forth in paragraph 43 of Plaintiff's first amended complaint. *See* Bowers Dec. ¶¶ 4-7.

44. FRS denies the allegations set forth in paragraph 44 of Plaintiff's first amended complaint.

45. FRS denies the allegations set forth in paragraph 45 of Plaintiff's first amended complaint.

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
Minneapolis, Minnesota 55402

46. In response to paragraph 46 of Plaintiff's first amended complaint, FRS restates and realleges paragraphs 1 through 45 of this answer as though fully set forth herein.

47. FRS admits the allegations set forth in paragraph 47 of Plaintiff's first amended complaint.

48. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 48 of Plaintiff's first amended complaint and, therefore, denies the same.

49. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 49 of Plaintiff's first amended complaint and, therefore, denies the same.

50. Paragraph 50 of Plaintiff's first amended complaint does not contain allegations that require a response from FRS. To the extent that a response is required, FRS states that the FCRA speaks for itself, and denies the allegations set forth in paragraph 50 of Plaintiff's first amended complaint to the extent, if any, that they misinterpret or misconstrue the FCRA.

51. Paragraph 51 of Plaintiff's first amended complaint does not contain allegations that require a response from FRS. To the extent that a response is required, FRS states that the FCRA speaks for itself, and denies the allegations set forth in paragraph 51 of Plaintiff's first amended complaint to the extent, if any, that they misinterpret or misconstrue the FCRA.

52. Paragraph 52 of Plaintiff's first amended complaint does not contain allegations that require a response from FRS. To the extent that a response is required, FRS states that the FCRA speaks for itself, and denies the allegations set forth in paragraph 52 of Plaintiff's first amended complaint to the extent, if any, that they misinterpret or misconstrue the FCRA.

53. FRS denies the allegations set forth in paragraph 53 of Plaintiff's first

1  amended complaint. *See* Bowers Dec. ¶¶ 4-7.

2  54. FRS lacks knowledge or information sufficient to either admit or deny the allegations set forth in paragraph 54 of Plaintiff's first amended complaint, and all of its subparts, and, therefore, denies the same.

55. Paragraph 55 of Plaintiff's first amended complaint does not contain allegations that require a response from FRS. To the extent that a response is required, FRS states that the FCRA speaks for itself, and denies the allegations set forth in paragraph 55 of Plaintiff's first amended complaint to the extent, if any, that they misinterpret or misconstrue the FCRA.

56. FRS denies the allegations set forth in paragraph 56 of Plaintiff's first amended complaint.

57. FRS denies the allegations set forth in paragraph 57 of Plaintiff's first amended complaint.

58. FRS denies the allegations set forth in paragraph 58 of Plaintiff's first amended complaint.

59. FRS denies the allegations set forth in paragraph 59 of Plaintiff's first amended complaint.

60. FRS denies the allegations set forth in paragraph 60 of Plaintiff's first amended complaint. *See* Bowers Dec. ¶¶ 4-7.

## II.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's first amended complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by Plaintiff's unclean hands.

///

### THIRD DEFENSE

Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is the subject matter of the instant litigation.

### FOURTH DEFENSE

Plaintiff's action against FRS is barred, in whole or in part, by the applicable statute(s) of limitations.

### FIFTH DEFENSE

FRS may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that FRS does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the claims for damages and certain costs that Plaintiff alleges FRS may be fully or partially responsible for.  FRS, therefore, reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged claims for damages and costs, and upon the development of other pertinent information.

## III.
## PRAYER FOR RELIEF

WHEREFORE, Defendant Financial Recovery Services, Inc. prays for an order and judgment of this Court in its favor and against Plaintiff as follows:

1. Dismissing all causes of action against it with prejudice and on the merits;

2. Awarding its reasonable costs and attorneys' fees; and

///

///

3.  Awarding it such other and further relief as the Court deems just and equitable.

MOSS & BARNETT, P.A.

Dated: March 5, 2013         By: s/ Issa K. Moe
                                 ISSA K. MOE
                                 Attorneys for Defendant
                                 FINANCIAL RECOVERY
                                 SERVICES, INC.

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
Minneapolis, Minnesota 55402

Issa K. Moe, Bar No. 254998
MoeI@moss-barnett.com
MOSS & BARNETT, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
612.877.5399/FAX 612.877.5016

Christopher D. Holt, Bar No. 228399
KLINEDINST PC
5 Hutton Centre Drive, Suite 1000
Santa Ana, California 92707
(714) 542-1800/FAX (714) 542-3592
cholt@klinedinstlaw.com

Attorneys for Defendant
FINANCIAL RECOVERY SERVICES, INC..

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSCELIN B. THOMAS,<br><br>　　　Plaintiff,<br><br>　v.<br><br>FINANCIAL RECOVERY SERVICES, INC.,<br><br>　　　Defendant. | Case No: 5:12-cv-01339-PSG-OP<br><br>**CERTIFICATE OF SERVICE**<br><br>**Courtroom:** 880<br>**Judge:** Philip S Gutierrez<br>**Magistrate Judge:** Oswald Parada |

- 1 -

# CERTIFICATE OF SERVICE

STATE OF MINNESOTA )
COUNTY OF HENNEPIN )

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Hennepin, Minnesota, and my business address is 4800 Wells Fargo Center, 90 South 7th Street, Minneapolis, Minnesota 55402.

On **March 5, 2013**, I caused to be served the following documents:

**ANSWER OF DEFENDANT FINANCIAL RECOVERY SERVICES, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

☒ **BY REGULAR MAIL:** I caused such envelopes to be deposited in the United States mail, at Minneapolis, Minnesota, with postage thereon fully prepaid, individually, addressed to the parties as indicated. I am readily familiar with the firm's practice of collection and processing correspondence in mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed. R. Civ. P. 5(b)(2)(B).)

☐ **BY OVERNIGHT SERVICE:** I caused such envelopes to be delivered by Overnight/Express Mail Delivery to the addressee(s) noted in this Certificate of Service.

☐ **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted (by facsimile # ) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

☐ **BY ELECTRONIC FILING SERVICE:** By electronically filing the foregoing document(s) using the CM/ECF system. Service of an electronically filed document upon a CM/ECF User who has consented to electronic service is deemed complete upon the transmission of the Notice of Electronic Filing ("NEF"). The NEF will be maintained with the original document(s) in our office.

☐ **BY PERSONAL SERVICE:** I served the person(s) listed below by leaving the documents, in an envelope or package clearly labeled to identify the person being served, to be personally served via Metro Legal Services on the parties listed on the service list below at their designated business address.

☐ By personally delivering the copies;

☐ By leaving the copies at the attorney's office;

☐ With a receptionist, or with a person having charge thereof; or

- 2 -

CERTIFICATE OF SERVICE

☐ In a conspicuous place in the office between the hours of _____ in the morning and five in the afternoon;

☐ By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Minneapolis, Minnesota, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 5, 2013, at Minneapolis, Minnesota.

                                              s/ Andrea P. Lande
                                              Andrea P Lande

Service List
JOCSELIN B THOMAS V. FINANCIAL RECOVERY SERVICES, INC.

| **Joscelin B Thomas**<br>14626 Red Gum Street<br>Moreno Valley, CA 92555 | T: (951) 616-0044<br><br>PRO SE |
|---|---|

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

- 4 -

CERTIFICATE OF SERVICE

2204423v1